JOURNAL ENTRY AND OPINION.
{¶ 1} Mother-appellant, Laura Zannoni, appeals the order of the Cuyahoga County Common Pleas Court, Juvenile Division, that overruled her objections to a magistrate's decision and adopted that decision. Succinctly, the magistrate recommended that father-appellee, Fred O'Dell, be awarded visitation with the parties' minor children. We are unable to reach the merits of this appeal, however, because the record does not indicate that appellant filed her notice of appeal in accordance with the Rules of Appellate Procedure.
 {¶ 2} App.R. 3(A) provides that "[a]n appeal of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." (Emphasis added.) App.R. 4(A) provides that a "party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 3} In this case, appellant filed her notice of appeal in this court rather than the trial court, although within the time required by App.R. 4(A).[1] App.R. 4(A), however, is dependent upon compliance with App.R. 3, which requires that the notice of appeal be filed in the trial, not the appellate, court in order to be considered timely filed. SeeFlaksman v. State of Ohio (May 21, 1981), 10th Dist. No. 81AP-99, 1981 Ohio App. Lexis 10671. Without a timely appeal, we have no jurisdiction to review this case.
Appeal dismissed.
PATRICIA A. BLACKMON, P.J., AND DIANE KARPINSKI, J., CONCUR
[1] The notice of appeal bears only the file-stamp of the Court of Appeals. It bears no file-stamp of the juvenile court nor does the record from that court contain or otherwise reference any notice of appeal.